TJOFLAT, Circuit Judge,
specially concurring.
I concur in the court’s judgment. I write briefly, and separately, with respect to Part III, B, 2 of the court’s opinion, which addresses Albert Jones’s sentence, specifically his Booker claim. Adhering to binding precedent — United States v. Rodriguez — as it must, the court refuses to entertain the claim because “[n]othing in the record suggests that the district court would have imposed a lesser sentence if it had applied the Guidelines in an advisory fashion.” Ante at —. In other words, Jones failed to establish the third element of the plain-error test, i.e., prejudice that “affected his substantial rights.” Id. For the reasons I expressed in United States v. Thompson, 422 F.3d 1285, 1302-05 (11th Cir.2005), we should not expect to find anything in the record indicating that the court would have imposed a lesser sentence if it had treated the Guidelines as advisory rather than mandatory. To expect a pre-Booker court to say, at sentencing, that it would impose a lesser sentence were the Guidelines not mandatory would be to expect the court to have anticipated Booker and the new sentencing model it fashioned. I suggest that no one — save the justices of the Supreme Court — could have anticipated that model. This is one of the reasons why I contend that Rodriguez was wrongly decided. United States v. Rodriguez, 406 F.3d 1261, 1281 (11th Cir.2005) (Tjoflat, J., dissenting from the denial of rehearing en banc). But Rodriguez remains the law; thus, Jones’s sentence must be affirmed.